FILED

12 SEP 25 AM 10: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THE REGENTS FOR THE UNIVERSITY OF CALIFORNIA on behalf of its SAN DIEGO MEDICAL CENTER,

Plaintiff,

vs.

UNITEDHEALTHCARE INSURANCE COMPANY, UHC OF CALIFORNIA, UNITED HEALTHCARE SERVICES, INC., and DOES 1 through 8,400, inclusive,

Defendants.

CASE NO. 12-CV-0588 BEN (BGS)

**ORDER:**

**(1) REMANDING ACTION TO THE SAN DIEGO COUNTY SUPERIOR COURT**

**(2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**

[Docket No. 7]

Presently before the Court is Plaintiff's Motion to Remand. (Docket No. 7) For the reasons stated below, the Motion to Remand is **GRANTED IN PART AND DENIED IN PART**. This action is **REMANDED** to the San Diego County Superior Court. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

**BACKGROUND**

On January 24, 2012 Plaintiff Regents of the University of California, on behalf of its San Diego Medical Center ("UCSDMC") filed a complaint in the San Diego County Superior Court, naming United Healthcare Insurance Company, UHC of California, and United Healthcare Services, Inc. (collectively, "United") as Defendants. Plaintiff, a hospital, entered into a contract with United, an insurance company, where the insurance company promised to direct or authorize its enrollees to

receive hospital services at the hospital and, in exchange, the hospital agreed that the insurance company could pay discounted rates for the services. (Mot. at 4.) When patients are covered under more than one insurance plan, coordination of payments between the plans must take place in order to assure that the hospital is not paid more than what it is entitled to receive. Plaintiff alleges that United did not pay Plaintiff for amounts due in situations where Medicare is the primary payer and United is the secondary payer. (*Id.* at 1.) Plaintiff's complaint asserts ten causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of implied-in-fact contract; (4) unjust enrichment; (5) intentional interference with contract; (6) negligent interference with contract; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) declaratory relief; and (10) injunctive relief.

On March 8, 2012, United removed the action under 28 U.S.C. § 1441, contending that this Court has jurisdiction under 28 U.S.C. § 1331. On April 9, 2012, Plaintiff filed the present Motion to Remand Action to State Court Pursuant to 28 U.S.C. § 1447.

**DISCUSSION**

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law nor one based on federal preemption renders an action brought in state court removable." (internal citations omitted)).

United removed the action under 28 U.S.C. § 1441, contending that this Court has federal question jurisdiction because Plaintiff's complaint asserts claims that raise a substantial and disputed

federal issue, namely that an issue regarding Medicare must be resolved. Additionally, United contends that the court has federal question jurisdiction under ERISA's complete preemption doctrine.

## I. MEDICARE

Federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Under the well pleaded complaint rule, the court must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Even if it is "very likely, in the course of the litigation, a question under the Constitution would arise," this is not enough to show that the plaintiff's original cause of action arises under the Constitution. *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

In this case, Plaintiff's complaint does not establish that the case "arises under" federal law. Plaintiff correctly asserts that its claims are all state law causes of action, and although Medicare is mentioned in the complaint, resolution of Medicare issues is not required by the claims in the complaint. Plaintiff seeks recovery under an agreement triggered by use of Medicare as the primary payer. United asserts that Medicare law prevents Plaintiff from prevailing on its state law claims, so Medicare issues must be resolved, creating federal question jurisdiction. However, this is a defense to a claim, and potential defenses are not enough to satisfy the well-pleaded complaint rule.

Further, there is no substantial question of federal law that requires resolution. Federal jurisdiction may arise when a court determines that "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

In *Nevada v. Bank of America Corp.*, the "gravamen of the Complaint [was] that [defendant]

violated Nevada's [Deceptive Trade Practices Act] through numerous misrepresentations, some about the [Home Affordable Mortgage Program], and some which also violate the [Fair Debt Collection Practices Act ('FDCPA')]." 672 F.3d 661, 675 (9th Cir. 2012). The defendants in *Nevada* asserted that the case posed "substantial questions about the scope and applicability of the FDCPA—specifically, whether the FDCPA applies at all to mortgage loan servicers," and should give rise to federal question jurisdiction. *Id.* However, the court in *Nevada* rejected this argument, citing *Merrell Dow* for the proposition that federal question jurisdiction cannot be established on the ground that a case presents a novel issue of federal law. *Id.* (citing *Merrell Dow*, 478 U.S. at 817).

Further, courts have found that when it is unnecessary to resolve a disputed provision of a federal statute in order to resolve a state law claim, federal courts have no jurisdiction. *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold*, 524 F.3d 1090, 1102 (9th Cir. 2008). In *Williston Basin*, a gas pipeline company brought action against natural gas producers claiming state law claims of conversion and negligence, and seeking to condemn the gas producers' wells under a federal statute. *Id.* at 1092. The court found that there was not a "substantial question of federal law" because "no provision of the [federal statute] constitutes an essential element" of the state law claims. *Id.* at 1102 (internal alteration omitted).

Similar to the issue in *Nevada*, this issue seems to be a novel one in this circuit, but that reason alone does not establish federal question jurisdiction. In addition, in applying *Williston Basin* to the present action, federal question jurisdiction cannot be found because no provision of Medicare constitutes an essential element of the state law claims asserted by the Plaintiff.

Defendant relies on *New York City Health & Hospitals Corp. v. Wellcare of New York, Inc.*, 769 F. Supp. 2d 250 (S.D.N.Y. 2011) ("*NYC Health*"), in support of its contention that there is a substantial question of federal law that requires resolution. In *NYC Health*, the plaintiff asserted state law claims for breach of contract and unjust enrichment. *Id.* at 252. The plaintiff's complaint in *NYC Health* alleged that the defendant violated an obligation between the defendant and Centers for Medicare & Medicaid Services ("CMS") that required the defendant to conform to Medicare law and regulations. *Id.* at 256. Although the court in *NYC Health* found that there was federal question jurisdiction, *NYC Health* can be distinguished from the case at hand. In the present action, the

complaint does not assert possible issues of Medicare law that require resolution, whereas in *NYC Health*, this was a central part of the plaintiff's complaint. That is, the plaintiff in *NYC Health* first needed to establish the obligation of the defendant under Medicare law in order to proceed with its case. *Id.* This crucial distinction renders *NYC Health* inapplicable here.

For these reasons, Plaintiff's claims do not raise a substantial federal question.

**II. ERISA**

Additionally, United contends that this Court has federal question jurisdiction under ERISA's complete preemption doctrine. Although federal preemption is normally a defense to enforcement of state law, where state law claims fall within the scope of ERISA's civil enforcement provisions (§ 502(a)), federal preemption is complete. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-55 (1987). A cause of action is completely preempted by ERISA if "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by the defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). In the present action, neither of the two required prongs under *Davila* are satisfied; therefore, there is no preemption under ERISA.

**A. Plaintiff's claim could not have been brought under ERISA § 502(a)(1)(B)**

Courts have held that where the cause of action is between a provider and insurance company for payment for services, a plaintiff is unable to bring the claim under ERISA § 502(a)(1)(B). *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 949 (9th Cir. 2009); *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999). In both *Marin* and *Blue Cross*, medical providers brought suit against insurance companies for an alleged breach of contract of payment obligations. *Marin*, 581 F.3d at 943-44; *Blue Cross*, 187 F.3d at 1049. In both cases, the court determined that the claims could not have been brought under ERISA § 502(a)(1)(B) because the medical providers were asserting rights related to the alleged payment plans, and not as assignees or beneficiaries of an ERISA plan participant. *Marin*, 581 F.3d at 949; *Blue Cross*, 187 F.3d at 1050. The insurance company in *Blue Cross* made the same argument United makes here: that ERISA's complete preemption doctrine applies because the health care provider is

attempting to recover for the treatment of patients, some of which are covered by ERISA. *Blue Cross*, 187 F.3d at 1050. In rejecting that argument, the court in *Blue Cross* stated that the claims, "which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of the ERISA plans, and hence do not fall within § 502(a)(1)(B)." *Id.*

Similar to the claims in *Blue Cross*, the claims in this case arose from the terms of the agreement between Plaintiff and United and are not claims for benefits under the terms of the ERISA plans. The patient-assignors in this case could not have asserted the claims made by Plaintiff, as the patient-assignors have no interest in the matter at hand. As held by the court in *Blue Cross*, the mere fact that some of the patient-assignors treated by Plaintiff are covered by ERISA does not mean that the claims could have been brought under § 502(a)(1)(B).

**B. There is another independent legal duty implicated by defendant's actions**

"If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin*, 581 F.3d at 949. The medical provider seeking recovery from an insurance company in *Marin* contended that an oral contract was made during a phone call and all state-law claims asserted arose from that call. *Id.* at 950. The court in *Marin* reasoned that since the "state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal duties.'" *Id.* (alteration omitted). Similarly, in this case, since United's alleged obligation to Plaintiff is not based on an obligation under an ERISA plan and would exist whether or not an ERISA plan existed, the state-law claims are based on other independent legal duties. Here, the other independent legal duty is the duty claimed under the contract between both parties. Because of this duty, the claims are not subject to complete preemption under ERISA § 502(a)(1)(B).

Accordingly, because Plaintiff's complaint does not raise federal issues, this Court does not have jurisdiction under § 1331. This action is **REMANDED** to the San Diego County Superior Court.

///

### III. Request for Attorneys' Fees

Plaintiff requests that the Court order United to pay Plaintiff's attorneys' fees and costs incurred in preparing the Motion to Remand. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Such an award of attorneys' fees is discretionary. *Id.* at 136. Here, although this Court has found that there is no federal subject matter jurisdiction, United nonetheless had an objectively reasonable basis for removal. Plaintiff's request for attorneys' fees and costs is **DENIED**.

## CONCLUSION

For the reasons stated above, the Motion to Remand is **GRANTED IN PART AND DENIED IN PART**. This action is **REMANDED** to the San Diego County Superior Court. Plaintiff's request for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 24, 2012

HON. ROGER T. BENITEZ
United States District Judge